UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ASHLAND MEDFORD PLUMBING, INC., an Oregon corporation; and ASHLAND MEDFORD PLUMPING, INC., an Oregon Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEVCON, INC., a California corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Massachusetts corporation,<br><br>Defendant. | CASE NO:<br><br>COMPLAINT FOR:<br><br>(1) RECOVERY ON MILLER ACT PAYMENT BOND;<br>(2) BREACH OF CONTRACT; and<br>(3) REASONABLE VALUE.<br><br>DEMAND FOR JURY TRAIL |

GENERAL ALLEGATIONS

1. This action is brought pursuant to, and jurisdiction is conferred by the contract between the parties, 40 U.S.C. §§ 3131-34 and 28 U.S.C. §§ 1331 and 1367(a). Also, this Court has subject matter jurisdiction over the matter as the matter in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332.

2. Venue in this Court is proper as the subcontract, which forms the basis of this dispute, specifically identifies this Court as the proper Court for this dispute.

Page 1 -   COMPLAINT

3. Plaintiff, Ashland Medford Plumbing, Inc. ("AMP") is, and at all relevant times was, a business entity duly organized and existing under and by virtue of the laws of the State of Oregon, and properly licensed to perform the work described below.

4. AMP is informed and believes Defendant Kevcon, Inc. ("Kevcon") is, and at all relevant times, was a corporation duly organized and existing under and by virtue of the laws of the State of California.

5. AMP is informed and believes Defendant Safeco Insurance Company of America ("Safeco") is, and at all relevant times was, a Massachusetts corporation authorized and/or licensed to do business and doing business in California as a surety issuing bonds pursuant to the Miller Act within the jurisdiction of this Court.

6. Based on information and belief, on or before May 14, 2012, Kevcon entered into a written prime contract agreement with the United States Government, by and through the Department of Veterans Affairs National Cemetery Administration (the "VA"), and logged as Contract No. VA 786-A-I2-C0002, to construct the work of improvement known as RAMB — Eagle Point National Cemetery located in Eagle Point, Oregon ("Project").

7. Pursuant to 40 U.S.C. §§ 3131-34, Kevcon, as principal, and Safeco, as surety, executed and delivered to the United States Government a payment bond identified as Bond No. 024042632 (the "Safeco Bond"), securing payment for labor and materials supplied to the Project. Pursuant to the Safeco Bond, Kevcon and Safeco are jointly and severally bound for the purpose of allowing a joint action against any or all of them under the Safeco Bond.

8. On May 14, 2012, Kevcon entered into a written subcontract ("Subcontract") with AMP pursuant to which AMP agreed to furnish plumbing labor, equipment and appurtenances per divisions 1, 22 and 23 as required per the contract documents, specifications, plans, and amendments. A true and correct copy of the Subcontract is attached as Exhibit "1" and incorporated by reference as though set forth in full at this point. The Subcontract price was $509,745.00 and later amended via change orders and increased to $543,440.40.

Page 2 -   COMPLAINT

FIRST CLAIM FOR RELIEF

(Recovery On Miller Act Payment Bond — Against Safeco & Kevcon)

9. AMP realleges and incorporates by reference paragraphs 1 through 8 above as though set forth in full at this point.

10. The Safeco Bond inured to the benefit of AMP.

11. AMP has fully performed all obligations required to be performed by it under the Subcontract and under the Safeco Bond, and all of the conditions precedent to performance on the part of Safeco and Kevcon have either occurred or been excused.

12. Safeco and Kevcon have failed and refused to perform their obligations under the Subcontract and under the Safeco Bond in that AMP has not been paid in full and is still owed at least **$249,733.50** for the value of labor, services, materials, equipment and supplies furnished to the Project.

13. In addition, Kevcon failed to, among other things:

(a) Provide AMP with site access when promised;

(b) Properly coordinate the execution of the work among AMP and others;

(c) Provide non-defective plans and specifications;

(d) Timely process and respond to AMP submittals;

(e) Timely process and respond to requests for information;

(f) Timely pay for work performed and invoiced by AMP;

(g) Timely process change orders;

(h) Adhere to the construction schedule of the Project; and

(i) Treat AMP fairly and equitably.

14. The aforementioned failures and breaches of contract by Kevcon caused numerous construction delays on the Project.

Page 3 -   COMPLAINT

SLINDE NELSON LLC
111 SW Fifth Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

15. During the course of the Project, Kevcon directed AMP to perform work at an inadequately prepared and maintained site, to suspend work, to perform out of sequence work, and to perform accelerated work.

16. Kevcon also ordered AMP to perform extra work outside the scope of its Subcontract causing further delay.

17. Based on information and belief, AMP's accepted bid for the Project contemplated a set duration.

18. The aforementioned schedule impacts by Kevcon caused AMP to remain on the Project for many days beyond the as planned schedule.

19. As a result of these Kevcon caused delays, AMP incurred out-of-pocket costs for labor inefficiency costs, extra mobilization and demobilization costs, extended supervision costs, extended home and field office overhead and general conditions, extended rental equipment charges, and extra material costs to protect work.

20. These costs and expenses were incurred in AMP's prosecution of the work of the Project.

21. AMP is entitled to payment of these costs under the Miller Act in an amount to be proven at trial.

22. Kevcon and Safeco's failure to timely pay AMP is in violation of the Federal Prompt Payment Act, 31 U.S.C. § 3905(b), entitling AMP to prompt payment penalty interest at the rates set forth in 31 U.S.C. § 3902(a).

23. AMP last furnished labor, services, materials, equipment or supplies to the Project, within one year preceding the date this complaint was filed.

24. A period of 90 days has now elapsed since AMP last furnished labor, services, materials, equipment or supplies for the Project.

Page 4 -   COMPLAINT

25. As AMP had a direct contractual relationship with Kevcon by virtue of the Subcontract, AMP was not required to provide a 90-day notice pursuant to 40 U.S.C. § 3133(b)(1).

26. As a result of Kevcon's breaches of the Subcontract and Safeco Bond, AMP has been damaged in the amount of at least $249,733.50, together with interest at the maximum legal rates from dates according to proof.

## SECOND CLAIM FOR RELIEF

(Breach Of Contract — Against Kevcon)

27. AMP realleges and incorporates by reference paragraphs 1 through 26 above as though set forth in full at this point.

28. AMP has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Subcontract or has been excused from performance.

29. Kevcon breached the Subcontract by, among other things:

(a) Failing to timely pay AMP in accordance with the Subcontract for the labor, services, materials, equipment and supplies AMP furnished to the Project;

(b) Failing to provide AMP with site access when promised;

(c) Failing to properly coordinate the execution of work among AMP and others;

(d) Failing to timely and properly process and respond to AMP submittals;

(e) Failing to provide non-defective plans and specifications;

(f) Failing to timely and properly process and respond to requests for information;

(g) Failing to timely process and approve change orders;

(h) Adhere to the construction schedule of the Project;

(i) Failing to approve and pay for Kevcon directed changes to AMP's subcontract scope of work; and

(j) Failing to act in good faith in its dealings with AMP.

30. As a direct and proximate result of Kevcon's breaches of the Subcontract, AMP has been damaged in the amount of at least $249,733.50, together with interest at the maximum legal rates from dates according to proof.

### THIRD CLAIM FOR RELIEF

(Reasonable Value — Against Kevcon)

31. AMP realleges and incorporates by reference paragraphs 1 through 30 above as though set forth in full at this point.

32. Within the last two years, AMP furnished labor, services and materials to the Project at the special request of Kevcon. AMP enriched and conferred benefits upon Kevcon by furnishing such labor, services and materials. AMP did not intend or expect to confer those benefits gratuitously and did not confer those benefits officiously.

33. AMP has been impoverished by furnishing such labor, services and materials to the Project and by not being paid in full.

34. Kevcon's unjust enrichment and AMP's impoverishment are connected because Kevcon engaged AMP to furnish labor, services and materials to the Project based on the Subcontract.

35. Kevcon retained such labor, services and materials at AMP's expense without justification. Because Kevcon requested AMP furnish such labor, services and materials, the circumstances are such that it would be unjust not to pay AMP.

Page 6 -   COMPLAINT

36. The total and reasonable value of the benefits conferred by AMP to Kevcon is $249,733.50. Should the Court determine that AMP has no remedy at law, equity should allow recovery for AMP's benefit.

PRAYER FOR RELIEF

WHEREFORE, AMP prays for judgment as follows:

ON THE FIRST CLAIM FOR RELIEF (AGAINST KEVCON AND SAFECO):

1. For general, special and consequential damages in the amount of at least $249,733.50 and according to proof at trial;

2. For a charge of interest at the maximum rate allowed by 31 U.S.C. § 3902(a) on the amount due, until paid; and

3. For reasonable attorneys' fees and costs as allowed by the Subcontract and Safeco Bond.

ON THE SECOND CLAIM FOR RELIEF (AGAINST KEVCON):

1. For general, special and consequential damages in the approximate amount of at least $249,733.50 and according to proof at trial; and

2. For reasonable attorneys' fees and costs as allowed by the Subcontract.

ON THE THIRD CLAIM FOR RELIEF (AGAINST KEVCON):

1. For the reasonable value of the benefits conferred by AMP to Kevcon at its insistence, in the approximate amount of at least $249,733.50 and according to proof at trial.

ON ALL CLAIMS FOR RELIEF:

1. For interest at the maximum legal rates from dates according to proof;

2. For costs of suit incurred herein; and

3. For such other relief the Court deems just.

DATED this 26th day of January, 2015.

Page 7 -   COMPLAINT

SLINDE NELSON LLC
111 SW Fifth Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

SLINDE & NELSON LLC


By: /s/ R. Hunter Bitner, II
 R. Hunter Bitner, II, OSB No. 011146
 Nicholas J. Slinde, OSB No. 003900
 *Of Attorneys for Plaintiff*

Page 8 - COMPLAINT